Per Curiam.
—Upona former appeal, which was by the plaintiffs, the case did not contain the evidence, but only the facts found by the trial judge, and his conclusions of law thereon. Upon the present appeal, which is by the defendants, the case contains the evidence in full, together with the findings of fact and the conclusions of law. But the case itself does not appear to be so materially changed, as to call for a change of views. Indeed, the findings of fact, on the first appeal, were so full and complete, that they presented all the material facts now disclosed by the evidence.
It was conceded then, and it is conceded now, that the Harrisons did not acquire a good title to the drafts as against the defendants as vendors: and the principal contention then was, and now is, whether the plaintiffs can defeat the claim of defendants, by proof that they became purchasers of the drafts from the Harrisons for a valuable consideration, with which they parted on the faith of the drafts. It was distinctly decided that they can do so; that they were purchasers from the Harrisons, and not from the defendants; and that the giving of their checks to the Harrisons, in payment of the drafts, constituted, under all the circumstances, a parting with a valuable consideration on the faith of the drafts. 7 N. Y. State Rep., 39.
Assuming, as we must, the correctness of that decision, although the question arising upon the delivery and the acceptance of the checks may be conceded to be a very close one, the present appeal discloses no sufficient reason why we should come to a different conclusion. The facts found are sufficiently supported by evidence, and, under the law applicable thereto, as determined by this court, they sustain *177 the conclusions of law based thereon. So, if the former decision is sound, none of the exceptions taken by the defendants to the refusals of the trial judge to find otherwise than he did find, constitute ground for reversal. As to the checks drawn by the plaintiffs upon Harrison’s Bank, it is true it appeared upon a former occasion that they were afterwards returned to plaintiffs as canceled, and with the bank’s canceling mark upon them, whereas it now appears ■ that they were returned to plaintiffs by the receiver of Harrison’s Bank, after plaintiffs had received notice from the defendants that the drafts in suit had not been paid for, and that payment of them had been stopped. But this variance is of no importance, nor is the return itself of any importance, if, as was held, the delivery and the acceptance of the checks, under the circumstances they were delivered and accepted, were equivalent to a cancellation of plaintiff’s claim against the bank to that extent, and to a corresponding-reduction of the amount of plaintiff’s deposit, and, that consequently, such delivery and acceptance constituted a parting by the plaintiffs with full value, on the faith of the drafts.
The judgment should be affirmed, with costs.
All concur.